UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| UNITED STATES OF AMERICA | ) | |
| PLAINTIFF | ) | CRIM NO.: 3:02cr341 (EBB) |
| | ) | |
| V. | ) | |
| | ) | August 27, 2005 |
| NELSON DATIL | ) | |
| DEFENDANT | ) | |

**DEFENDANT, NELSON DATIL'S, PROPOSED JURY INSTRUCTIONS**

The Defendant, Nelson Datil, respectfully requests that in addition to the Court's general criminal instructions, the Court include these special instructions in its charge to the jury. The Defendant requests the right to file additional requests depending on the evidence in this case.

Furthermore the Defendant objects to the Court's "deliberate disregard charge" on p. 41, as there is no evidence of such and the "aiding and abetting" language on p. 45 for the same reason.

RESPECTFULLY SUBMITTED,

DEFENDANT, NELSON DATIL

BY_____
JONATHAN J EINHORN, ESQ.
412 ORANGE STREET
NEW HAVEN, CT 06511
FED BAR NO. 00163
203-777-3777

## **CERTIFICATION**

      This is to certify that a copy of the foregoing was hand delivered this 29th day of August, 2005 to the following counsel of record:

Richard S. Cramer, Esq.
449 Silas Deane Highway
Wethersfield, CT. 06109

Michael S. Hillis, Esq.
129 Whitney Avenue
New Haven, CT. 06511

Kurt F. Zimmerman, Esq.
234 Church Street
New haven, CT. 06510

Jonathan Biran, AUSA
Michael S. McGarry, AUSA
United States Attorneys Office
157 Church Street, 23rd Floor
New Haven, CT. 06510

_____
JONATHAN J. EINHORN

# REQUESTED CHARGE #1
## TREAT EACH DEFENDANT AS AN INDIVIDUAL

In reaching a verdict you must bear in mind that guilt is individual. Your verdict with regard to each defendant must be determined separately, solely on the evidence, or lack of evidence, presented against him without regard to the guilt or innocence of anyone else. You may not infer guilt merely from the fact that a defendant associated with other persons who were engaged in wrongdoing. In addition, some of the evidence in this case pertained only to one or the other of the defendants. Let me emphasize that any evidence admitted solely against one defendant may be considered only as against that defendant and may not in any respect enter into your deliberations on any other defendant.

## REQUESTED CHARGE #2
## DUTY TO CONSULT AND NEED FOR UNANIMITY

Your function is to weigh the evidence in the case and determine whether or not the defendants are guilty, solely upon the basis of such evidence. To report a verdict, it must be unanimous.

Each juror is entitled to his or her opinion; each should, however, exchange views with his or her fellow jurors. That is the very purpose of jury deliberation: to discuss and consider the evidence; to listen to the arguments of fellow jurors; to present your individual views; to consult with one another; and to reach an agreement based solely and wholly on the evidence if you can do so without violence to your own individual judgment.

Each of you must decide the case for yourself after consideration of the evidence in the case, with your fellow jurors. In the course of your deliberations, do not hesitate to re-examine your own individual views, or to change your own opinions, if the deliberations and views of your fellow jurors convince you to do so. However, you should not surrender your honest convictions about the facts as you find them, or about the weight or effect of the evidence, solely because of the opinion of your fellow jurors, or merely to bring an end to deliberations.

If, after carefully considering all the evidence and the arguments of your fellow jurors, you entertain a conscientious view that differs from the others, you are not to yield your conviction simply because you are outnumbered.

Your final vote must reflect your conscientious judgment about how the issues should be decided.

<u>REQUESTED CHARGE #3</u>
<u>EACH ELEMENT MUST BE ESTABLISHED</u>
<u>BEYOND A REASONABLE DOUBT</u>

In order for the government to prove that a defendant is guilty of a charged offense, it must prove all elements of that offense. Unless the government proves beyond a reasonable doubt that a defendant has committed <u>each and every element</u> of an offense, you must find the defendant not guilty of that offense.

<u>REQUESTED CHARGE # 4</u>
<u>Impermissible to Infer Participation from Mere Presence</u>

You may not infer that the defendant is guilty of participating in criminal conduct merely from the fact that he was present at the time the crime was being committed and had knowledge that it was being committed.

<u>AUTHORITY</u>

<u>Hicks v. United States</u>, 150 U.S. 442, 14 S.Ct. 144, 37 L.Ed. 2d 1137 (1893).

<u>United States v. Van Scoy</u>, 654 F.2d 257 (3d Cit.), ~ <u>denied</u>, 454 United States. 1126 (1981).

<u>United States v. Nanez</u>, 694 F.2d 405 (5th Cit. 1982), ~ <u>denied</u>, 103 S.Ct. 1884 (1983). Sand, Instruction 6-3

## REQUESTED CHARGE #5
## GOVERNMENT WITNESS: AGREEMENTS TO TESTIFY

There has been testimony that some witnesses entered into plea agreements and cooperation agreements with the government. Copies of some of these agreements have been offered as evidence.

The government agreed to bring the witnesses' cooperation to the attention of the sentencing court, and to file a 5K.1 motion on the basis of his cooperation if, in the determination of the government, the witness has provided truthful and complete cooperation which substantially assists the government in the investigation or prosecution of another person. It is your duty to evaluate each such witness's credibility, taking into consideration any motivation evidenced by the agreement.

In his federal criminal case, each witness' sentence will be determined by the sentencing judge who will have before him what each witness has done pursuant to the cooperation agreement. The government is permitted to enter into these kinds of agreements. However, you could consider that a witness who has entered into such agreements has an interest in this case. You should examine the testimony of such a witness carefully and consider whether it was influenced by his cooperation agreement and the sentence to be imposed in his case. If after scrutinizing his testimony, you decide to accept it, you may give it whatever weight, if any, you find it deserves.

## REQUESTED CHARGE # 6

Reason for Reasonable Doubt

I urge you to apply the standard of "proof beyond a reasonable doubt" with a proper understanding of its purpose in our criminal justice system. A person who is convicted of a crime faces the possible loss of liberty and the certainty of a stigma upon his reputation within the community. Since our society values the good name and freedom of every individual, our Constitution mandates that a person should not be condemned for commission of a crime where there is reasonable doubt is essential to preserve the respect of the community for the criminal justice system. That system would lose the respect of the people if it made them wonder whether innocent persons are being convicted. The reasonable doubt standard thus reinforces the goal of our free society that every individual going about his or her ordinary affairs can have confidence that the government cannot adjudge an individual guilty of a criminal offense without convincing a proper fact finding body - such as yourselves - of his guilt with utmost certainty.

In re Winship, 397 U.S. 358, 375 (1970).

## REQUESTED CHARGE #7
### Proof of Each Element

Nelson Datil has pleaded not guilty to the charges contained in the indictment in this case. This plea puts in issue each of the essential elements of each offense as described in these instructions. The government's burden of proving the guilt beyond a reasonable doubt is a burden that extends *to each and every essential element of the offense charged.* In your deliberations, you must analyze the charge, element by element as I shall explain it to you, and you may not find Mr. Datil guilty of the offense charged in the indictment unless your analysis leads you to conclude that the Government has proved *each and every element of that offense* beyond a reasonable doubt. For the offense charged, if there is only one element of that offense which the government has not proved beyond a reasonable doubt, you must return a verdict of not guilty on that offense.

In re Winship, 397 U.S. *358,* 364 (1970)- Kibbe v. Henderson, *534* F.2d 493, 497, cert. granted, 429 U.S, *815* (1976), rev'd, 431 U.S. *145* (1977) (2d Cir. 1976)- Devitt and Blackmar, Federal Jury Practice and Instructions, 13.07.

## REQUESTED CHARGE # 8
### No Surmise or Conjecture

You are to decide this case and the issues presented by the charge in the indictment solely on the basis of admissible evidence presented during this trial. You are not to take into consideration any evidence which I struck from the record or which I have instructed you to ignore. Nor are you to take into consideration as evidence any statements or objections on the part of the attorney in this case. Additionally, you must carefully and scrupulously avoid any reliance in deciding this case on guesses, intuition, surmise, or conjecture which you may have formed apart from the evidence.

Devitt and Blackmar, Federal Jury Practice and Instructions, 10.13.

## REQUESTED CHARGE #9
Defendant's Right Not to Testify)

Each defendant did not testify in this case. Under our Constitution, he has no obligation to testify or to present any other evidence because it is the prosecution's sole burden to prove, if it can, that any one of them is guilty beyond a reasonable doubt. That burden remains with the prosecution throughout the entire trial and never shifts to a defendant who defends himself against the government's claims. A defendant is not required and is never required to prove that he is innocent.

You may not attach any significance to the fact that a defendant did not testify. No adverse inference against him may be drawn by you because he did not take the witness stand.

You may not consider this against a defendant in any way in your deliberations, nor may you speculate about why he chose not to testify. Further, you may not discuss the fact that he has chosen not to testify during your deliberations.

There are many reasons why a defendant may elect not to testify. In any event, it is not a matter to which you should give any consideration, except to bear in mind that a defendant in a criminal case is under no burden to prove his own innocence and the government alone bears the burden of proving guilt beyond a reasonable doubt.

Sand, Siffert, Loughlin & Reiss, Modern Federal jury Instructions (1991)

REQUESTED CHARGE #10
No Obligation to Present a Defense Case

Under our criminal justice system a person accused of a crime has no obligation to testify and has no obligation to present any evidence whatsoever in his defense. This is because it remains the government's sole burden from the start to the finish of the trial to prove a person accused with the commission of a crime guilty beyond a reasonable doubt on each element of each offense alleged. In other words, in this case, Mr. Datil does not have to convince you he is innocent.

The fact that Mr. Datil may have elected not to present any evidence in his defense of this case does not permit you to draw any unfavorable inferences against him or in any way hold it against him.

Mullane v. Wilbur, 421 U.S. 684 *(1975).*

REQUESTED CHARGE NO.11

Number of Witnesses

Do not be impressed by the number of witnesses called by the government in this case. As I have told you, Mr. Datil who appears here before you for trial has no obligation whatsoever to call any witnesses in his defense. The testimony of a *single* witness which produces in your minds a reasonable doubt in the government's allegations requires a non-guilty verdict even if several witnesses may have testified to the contrary.

Audett v. United States, 265 F.2d 837 (9th Cir. *1959),* cert. denied, 361 U.S. 815 (1959)-, United States v. Jones, 486 F.2d 476 (8th Cir. 1973), cert. denied, 415 U.S. 917 (1974)-. Devitt and C. Blackmar, Federal Jury Practice and Instructions, 72. 14, 72.15 (3d ed. 1977).

## REQUESTED CHARGE #12

(Number of Witnesses Not Necessarily Controlling)

The weight of the evidence is not necessarily determined by the number of witnesses testifying on either side. You should consider all the facts and circumstances in evidence to determine which of the witnesses are worthy of greater credence. You may find that the testimony of a smaller number of witnesses on one side is more credible than the testimony of a greater number of witnesses on the other side.

Devitt & Blackmar, Federal Jury Practice and Instructions, 17.20.

consequent lack of good faith beyond a reasonable doubt.

Under the mail fraud statute, false representations, false statements or omissions of material facts do not amount to fraud unless done with fraudulent intent. However, misleading or deceptive a plan may be, it is not fraudulent if it was devised or carried out in good faith. An honest belief in the truth of the representations made by a defendant is a good defense, however inaccurate the statements may turn out to be.

As a practical matter, in order to sustain the charges against a defendant, the government must establish beyond a reasonable doubt that the defendant or defendants knew that the scheme was calculated to deceive and, nonetheless, participated in the scheme for the purpose of causing some loss to another.

The government can also meet its burden to show that a defendant had knowledge of the falsity of the statements if it establishes beyond a reasonable doubt that one or both acted with deliberate disregard for whether the statements were true or false, or with a conscious purpose to avoid learning the truth. If the government establishes that a defendant acted with deliberate disregard for the truth, the knowledge requirement is satisfied for that defendant unless the defendant actually believed the statements to be true. This knowledge requirement, however, cannot be fulfilled by demonstrating that the defendant was merely negligent or foolish.

## REQUESTED CHARGE # 14

### Time of Conspiracy

The Government has presented evidence of certain alleged fraudulent acts which may have occurred prior to the time certain defendants were employed by Shoreline Mitsubishi. Evidence of those prior acts cannot be used as evidence to convict any defendant who was not employed at Shoreline Mitsubishi at the time the acts allegedly occurred. I charge you to ignore that evidence as to those defendants.

REQUESTED CHARGE #15

FRAUD BY FAILURE TO EXPLAIN SIGNED DOCUMENTS

You have heard several witnesses testify that although they signed certain documents, employees of Shoreline Mitsubishi did not verbally explain certain terms to them. I charge you that there is no legal requirement on the part of an automobile salesman to verbally explain a contract or any other document prior to or after a customer signs it. The law does not require such a "reading" or verbal explanation to consumers. Mere nondisclosure does not amount to fraud. There is no duty to disclose facts which are open to discovery upon reasonable inquiry by the consumer. **Gayne v. Smith**, 104 Conn 650, 652.

See also **Watertown Savings Bank v. Mattoon**, 78 Conn. 388, 393; **Egan v. Hudson Nut Products**, 142 Conn 344, 347-348: