



**U.S. Department of Justice**

*United States Attorney*
*District of Connecticut*

Connecticut Financial Center
157 Church Street, 23rd Floor
New Haven, CT 06510

(203) 821-3700
Fax (203) 773-5376
www.usdoj.gov/usao/ct

November 21, 2006

<u>BY HAND-DELIVERY</u>
The Honorable Ellen Bree Burns
Senior United States District Judge
United States District Court
141 Church Street
New Haven, CT 06510

    Re:   <u>United States v. Shoreline Motors Corp., et al</u>, 3:02 CR 341 (EBB)

Dear Judge Burns:

    As the Court is well aware over the last few weeks and months, in response to the requests made by defense counsel, our office has been attempting to secure copies of settlement agreements for the civil cases brought against MMCA. As discussed at the hearing, the defrauded Shoreline customers who sued Shoreline and MMCA and whose cases were settled represents a sub-set of the total number of deals involving fraud. The Government introduced the sworn affidavits of these particular customers evidencing the fact that they were defrauded by the defendants. We also introduced loss figures compiled by MMCA establishing how much money was lost on these particular deals. These deals do not represent all the fraudulent deals, or the total estimated loss. Defense counsel requested the settlement agreements for the sub-set of deals and we requested that MMCA produced them.

    After having considered our requests MMCA - through their attorneys - declined to produce the agreements. Their decision, which is explained in the attached, reflects the fact that the settlements would not (they assert) aid the court in making its loss calculations. Accordingly, we do not have the agreements to provide to defense counsel. If you have any questions concerning the contents of this letter, please call me at (203) 821-3751.

                            Very truly yours,

                            KEVIN J. O'CONNOR
                            UNITED STATES ATTORNEY

                            MICHAEL S. Mc GARRY
                            ASSISTANT U.S. ATTORNEY

cc: All Counsel (w/encl.)



Thomas J. Finn

Partner
860.275.7002
Fax 860.560.5991
tfinn@mccarter.com

McCarter & English, LLP
CityPlace I
185 Asylum Street
Hartford, CT 06103-3495
tel 860.275.6700
fax 860.724.3397
www.mccarter.com

RECEIVED
06 NOV 16 PM
NEW HAVEN, CONNECTICUT

McCARTER
ENGLISH
ATTORNEYS AT LAW

November 15, 2006

**VIA EMAIL AND U.S. MAIL CONFIRMATION**
Michael S. McGarry
Assistant United States Attorney
United States Attorney's Office
   District of Connecticut
157 Church Street, 23rd Floor
New Haven, CT  06510

Re:  **United States of America v. Shoreline Motors Corp., et al**
      **Docket No.: 3:02CR00341 (EBB)**

Dear Mike:

As you know, we represent Mitsubishi Motors Credit of America, Inc. ("MMCA"), in the numerous civil lawsuits that were brought against Shoreline Motors Corp. ("Shoreline") and MMCA following Shoreline's demise. This correspondence responds to your request that MMCA provide copies of the executed settlement agreements from those cases so that they may be used in connection with the sentencing phase of the government's criminal case. We understand that you will be providing a copy of this letter to the court and to defense counsel.

MMCA has cooperated fully with the government in aid of its investigation and at every stage of these proceedings. Unfortunately, however, MMCA cannot provide you with its settlement agreements. MMCA, for itself and for its customers, desires strongly to protect the confidentiality of its settlements. We appreciate your suggestion of a protective order, but we do not believe that such an order would be sufficient to adequately protect MMCA from harm.

Not all of the related matters against MMCA have been settled. Indeed, we were put on notice last week of at least one new claimant against MMCA. The risk that information contained in the settlement agreements concerning MMCA's valuation of individual cases could seriously jeopardize and compromise MMCA's ability to effectively defend itself in ongoing and future actions. The individual defendants, who have been convicted of serious felonies involving forgery, dishonesty and false statements, might secretly share or misuse information they learn concerning the settlements with claimants or other with dealerships, despite the imposition of a protective order.

Further, all but one of the settlement agreements involving Shoreline customers contain confidentiality provisions. The customers that are parties to these agreements may have an expectation that MMCA will seek to preserve their confidentiality. Additionally, a strong federal

Michael S. McGarry
November 15, 2006
Page 2



policy exists under the Gramm-Leach-Bliley Act with respect to the financial privacy and security of customers of financial institutions, such as MMCA. The settlement agreements are private. The substance of the individual settlements that these customers agreed to in these documents should not be disclosed without the customers being notified and provided with an opportunity to be heard, particularly where the documents are or may be released to persons who have been convicted of defrauding them.

  We also believe that turning over the settlement agreements, with its potential for harm, is particularly onerous given our belief that the agreements are irrelevant to determining the amount of the loss in connection with sentencing. There is nothing in them helpful to determining the amount of the loss to MMCA. The monetary losses suffered by MMCA from the settlements are not contained in the settlement agreements. The settlement agreements do not contain any admissions of liability or fault by anyone. Further, the settlement agreements do not contain any provisions concerning potential future automotive sales or loans, such as coupons or discounts.

  We are hopeful that the government and the court will remain cognizant of the fact that MMCA is the principal victim of the fraud and has suffered tremendous losses in this matter, and that the production of the settlement agreements, even under a protective order, will cause MMCA to be exposed to the risk of additional losses and damages.

  If the government needs additional information, or if you wish to discuss this matter further, please do not hesitate to contact me.

            Very truly yours,

            Thomas J. Finn

cc: David M. Bizar, Esq.

ME1\5962599.1